People v Johnson (2025 NY Slip Op 05196)

People v Johnson

2025 NY Slip Op 05196

Decided on September 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 30, 2025

Before: Kern, J.P., Scarpulla, Kapnick, Gesmer, Hagler, JJ. 

Ind. No. 1254/18, 3045/15, 2349/17|Appeal No. 4775|Case No. 2022-05068|

[*1]The People of the State of New York, Respondent,
v
Charles Johnson, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Bryan S. Furst of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Conor E. Byrnes of counsel), for respondent.

Judgment, Supreme Court, New York County (Laura Ward, J.), rendered November 20, 2018, convicting defendant, upon his guilty plea, of rape in the second degree, burglary in the second degree as a sexually motivated felony, and bail jumping in the second degree, and sentencing him to concurrent prison terms of five years, five years, and one year, respectively, followed by ten years of postrelease supervision, and designated defendant as a sex offender based on his convictions of rape in the second degree and burglary in the second degree as a sexually motivated felony, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating so much of the judgment as certified defendant as a sex offender with regard to burglary in the second degree (indictment No. 3045/15) and vacating the surcharges and other fees associated with that conviction that were imposed at sentencing, and otherwise affirmed.
As the People agree, the court should not have designated defendant a sex offender in connection with his conviction of second-degree burglary as a sexually motivated felony because this Court has squarely held that "burglary in the second degree as a sexually motivated felony is not a registrable offense under SORA" (People v Burgos, 225 AD3d 430, 430 [1st Dept 2024], citing People v Conyers, 212 AD3d 417, 418 [1st Dept 2023], lv denied 39 NY3d 1110 [2023]; People v Simmons, 203 AD3d 106 [1st Dept 2022], lv denied 38 NY3d 1035 [2022]).
Based on our interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing in connection with indictment No. 3045/15 (see People v Chirinos, 190 AD3d 434, 435 [1st Dept 2022]).
We perceive no basis for reducing defendant's period of post-release supervision.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2025